UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                      Case No. 12-51561
                                                        Hon. Lawrence P. Zatkoff

KELLI M. ELLISON,

    Respondent.
_____/

OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 19, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Respondent's[1] Motion to Dismiss the Petition [dkt 4]. Petitioner filed a response to the Motion [dkt 5]. Respondent failed to file a reply brief and the time period in which to do so has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Respondent's Motion to Dismiss is DENIED.

## II. BACKGROUND

Petitioner commenced this action pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 7402(b) and 7604(a) (hereinafter referred to as § 7402(b) and § 7604(a), respectively), to judicially enforce an Internal Revenue Service ("IRS") summons

---

[1] Respondent is proceeding *pro se*.

issued to Respondent. Petitioner, on behalf of the IRS, is conducting an investigation into the income tax liability of Respondent for the year 2011.

Petitioner alleges that Respondent has within her possession and control testimony, books, records, papers and other data that are relevant to the investigation. On May 22, 2012, an IRS summons was issued to Respondent ordering her to appear before an IRS agent on June 14, 2012, to testify and produce the financial information requested in the summons. Respondent failed to appear.

The IRS scheduled a "last chance appointment" for July 18, 2012, and provided notice of that appointment in letter sent to Respondent. Respondent again failed to appear. As such, Petitioner was prompted to file the Petition to enforce the IRS summons in this Court [dkt 1]. On December 12, 2012, the Court ordered Respondent to appear for a show cause hearing on February 19, 2013, in Port Huron, Michigan, to explain why she should not be compelled to comply with the IRS summons.[2]

In response to the Petition, on January 7, 2013, Respondent filed an answer and the instant Motion to Dismiss [dkt 3]. Respondent's Motion presents two arguments that allegedly warrant dismissal: (1) the Court does not have jurisdiction to hear this matter; and (2) Respondent has complied with the Petitioner's request for tax information by producing IRS Form 433-A[3] prior to Petitioner issuing the summons.

---

[2] The Court held the show cause hearing on February 19, 2013. Because Respondent's Motion had not yet been addressed, the Court deferred ruling on whether Respondent must comply with the IRS summons. The Court noted on the record, however, it was likely that the Petition would be enforced against Respondent so long as Respondent's Motion was denied.

[3] The IRS issues Form 433-A, captioned "Collection Information Statement for Wage Earners and Self-Employed Individuals", to collect financial information from an individual that has unpaid tax debt. The individual then submits the form with the requested information if he or she desires to enter into an amicable settlement with the IRS pertaining to the tax debt.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Lack of subject-matter jurisdiction may be asserted at any time, either in a pleading or in a motion. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004).

### IV. ANALYSIS

#### I. JURISDICTION

Respondent's first ground of attack against the Petition is the Court's apparent lack of subject matter jurisdiction to hear this case. Respondent's justification for her conclusory assertion is perplexing: "The only jurisdictional court that can hear matters of the People per the declared Supreme Law of the Land, the Constitution of the united States, and pursuant to the Michigan State Constitution, is a Court that conforms to and functions pursuant to Article 6 Section 1 of the Federal Constitution . . . ." *See* Dkt. # 3, p. 1. The undersigned is well apprised of his duties emanating from the U.S. Constitution—including Article 6—and questions how, exactly, such a statement would strip this Court of jurisdiction.

Irrespective of that, the Court finds that jurisdiction in this matter is proper pursuant to § 7604(a). That section states:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

26 U.S.C. § 7604(a).[4]  Respondent resides in Macomb, Michigan, which is located within the Eastern District of Michigan.  Accordingly, because this Court is "the United States district court for the district in which [Respondent] resides", the Court has jurisdiction to compel Respondent's compliance with the above-mentioned Petition.

**II. FORM 433-A**

Respondent next argues that the Petition should be dismissed because she provided "the required documentation that was asked of [her]" by submitting IRS Form 433-A.  The Court disagrees.

It is alleged that Respondent has failed to file a tax return for the calendar year 2011.  In order to resolve this discrepancy, Petitioner has requested via the Petition that Respondent provide information regarding her 2011 income, as well as any other information necessary to generate a tax return for 2011.  Respondent's argument that IRS Form 433-A is sufficient to satisfy that request is misplaced.  IRS Form 433-A does not provide the "testimony, books, records, papers, and other data" regarding the tax liability of Respondent for the year 2011 as requested in the Petition.  Because the financial information requested by Petitioner has not been produced, the Court finds Respondent's argument without merit.

### V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Respondent's Motion to Dismiss [dkt 4] is DENIED.

IT IS SO ORDERED.

                                                      s/Lawrence P. Zatkoff
                                                      Hon. Lawrence P. Zatkoff
                                                      U.S. District Judge

Dated: March 19, 2013

---

[4] For authority of district courts generally to enforce the provisions of Title 26, see § 7402.